UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY BARRINGER,

    Applicant,

v.                                          CASE NO. 8:15-cv-2458-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

    This action proceeds on Barringer's second amended application for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 13), which the respondent moves to dismiss as untimely. (Doc. 15) Barringer pleaded guilty both to attempted capital sexual battery on a child under twelve and to lewd and lascivious conduct, for which he is imprisoned for twenty-five years. After successfully correcting the sentence in a motion under state Rule 3.800, Barringer's conviction became final in 2006. In 2008 the federal one-year limitation expired after the denial of another Rule 3.800 motion. Also in 2008 (and citing Barringer's sixteen earlier challenges to his conviction or sentence), the Sixth Judicial Circuit Court for Pasco County barred Barringer from filing any more *pro se* challenges to his conviction or sentence. Undeterred by that order, over the next five years Barringer attempted to challenge his conviction in state courts outside of Pasco County.

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. Recognizing that his application is untimely under Section 2244(d)(1)(A), which calculates the one-year limitation from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," Barringer asserts entitlement to a delayed one-year limitation under Section 2244(d)(1)(D), which calculates the limitation from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Barringer also asserts that his new evidence proves his actual innocence. Barringer is entitled to neither a new limitation under Section 2244(d)(1)(D) nor the "actual innocence" exception to the limitation.

Barringer's new evidence is a 2015 affidavit from a friend who avers (1) that Barringer was working with him on the east coast of Florida in Cocoa Beach during March, 2000, when the sexual assault occurred on the west coast of Florida in Pasco County, and (2) that he feared coming forward earlier because of threats from the victim's family.[1] (Doc. 10 at 23) Barringer's asserted entitlement both to a new limitation based on newly discovered evidence and to release based on his actual innocence depend wholly upon this affidavit.

Under Section 2244(d)(1)(D), the one-year limitation begins from "the date on which the factual predicate of the claim or claims presented could have been

---

[1] The friend delayed fifteen years before he provided the affidavit.

- 2 -

discovered through the exercise of due diligence." The limitation starts when the new evidence was discoverable, not when the evidence was actually discovered. As *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008), explains:

> The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered. *See* § 2244(d)(1)(D); *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004). Although we have not defined due diligence with respect to a § 2244(d)(1)(D) claim, we have addressed it in the analogous context of a second federal habeas petition which is based on newly discovered facts. *See In re Boshears,* 110 F.3d 1538, 1540 (11th Cir. 1997) (*per curiam*). In the latter context, a petitioner must show that "'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.'" *Id.* (quoting 28 U.S.C. § 2244(b)(2)(B)(i)). Due diligence means the petitioner "must show some good reason why he or she was unable to discover the facts" at an earlier date. *Id.* Merely alleging that an applicant "did not actually know the facts underlying his or her claim does not pass the test." *Id.* Instead, the inquiry focuses on "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are 'newly discovered.'" *Id.* (citation omitted).

Barringer knew that allegedly he was with his friend in another part of the state when the crime occurred but he nonetheless pleaded guilty to both the attempted capital sexual assault and the lewd and lascivious conduct. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea[2] waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of

---

[2] A conviction based on a plea of *nolo contendere* is reviewed the same as a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982).

>constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. *See e.g., United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."), *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."), and *United States v. Broce*, 488 U.S. 563, 570 (1989) ("By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.").

The plea colloquy and sentencing hearing transcript demonstrate that Barringer understood that, by pleading guilty, he was waiving his rights, specifically including "to have witnesses testify on [his] own behalf." (Respondent's Exhibit 4 at 8)  Barringer's present allegation — that his friend's affidavit proves that he did not commit the crimes — conflicts with his admissions during the plea colloquy. (Respondent's Exhibit 3 at 7–10)  Admissions during a plea colloquy are presumed true, and his admission of the truth of the facts and his admission of guilt "constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).  *Accord United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

- 4 -

The affidavit proffers an alibi defense. Barringer knew the possibility for an alibi defense when he pleaded guilty. Barringer waived asserting an alibi defense when he pleaded guilty.[3] As a consequence, Barringer is not entitled to a new limitation under Section 2244(d)(1)(D) based on newly discovered evidence.

Barringer asserts an exception to the limitation based on his actual innocence. Entitlement to the actual innocence exception is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin, Warden, v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)).

"It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Although demanding, the petitioner's burden is not a showing of absolute innocence, as *House v. Bell*, 547 U.S. 518, 538 (2006), explains:

> [I]t bears repeating that the *Schlup* standard is demanding and permits review only in the "extraordinary" case . . . . At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A

---

[3] When he pleaded guilty Barringer acknowledged understanding that he was waiving his right to "have witnesses testify on [his] behalf." (Respondent's Exhibit 3 at 8)

> petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (brackets original), explains that actual innocence my overcome the statute of limitation:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S. Ct. 851; see *House,* 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S. Ct. 851.

Barringer fails to meet the actual innocence exception because his claim is not based on evidence (1) that is new, (2) that was not discoverable before he pleaded guilty, and (3) that would convince a reasonable juror that he was not guilty beyond a reasonable doubt. Although the affidavit is new, both the identity of the affiant and the substance of the affidavit — that he was with a friend across the state when the crimes occurred — was known to Barringer when he waived his right to present a defense and instead pleaded guilty. Moreover, because the affiant is not a

disinterested person and because the affidavit is not detailed, a reasonable juror could have afforded little weight to the affiant's testimony.[4]

Barringer's application is untimely under Section 2244(d)(1)(A) and he is not entitled to a new limitation under Section 2244(d)(1)(D).  Barringer fails to prove entitlement to the actual innocence exception to the limitation.  As a consequence, Barringer is not entitled to federal review.

Accordingly, the motion to dismiss (Doc. 15) is **GRANTED**.  The clerk must enter a judgment against Barringer and close this case.

ORDERED in Tampa, Florida, on July 11, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] The affidavit asserts, in relevant part, that "Jay was with me during the month of March from the 1st day until the 29th day 2000. I do not recall what we were doing on every day but I do no [*sic*] that we were together and that he was helping me and my brother in Cocoa Beach, and other counties. I was teaching him some contracting skills." (Doc. 10 at 23)